Filed 5/26/23  P. v. Ellis CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B325398 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA154121) |
| v. | |
| TITUS ELLIS, | |
| Defendant and Appellant. | |

THE COURT:

Titus Ellis was convicted pursuant to a negotiated plea of no contest to robbery.  Ellis appeals from a postjudgment order denying his motion to withdraw the plea.  No arguable issues have been identified following review of the record by Ellis's appointed appellate counsel or our independent review.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Ellis was charged in a felony complaint filed April 6, 2021, with carjacking (Pen. Code, § 215, subd. (a)) and second degree robbery (Pen. Code, § 211). A 2018 robbery conviction was alleged as a prior serious felony conviction and a prior strike conviction (Pen. Code, §§ 667, subd. (a)(1), 667, subds. (b)-(j), 1170.12).

At his arraignment on January 12, 2022, Ellis initially rejected the People's offer of a five-year sentence in return for a guilty plea on the robbery charge. The court and trial counsel advised Ellis he was possibly facing a maximum sentence of 27 years, including his probation violation. The court agreed to delay the hearing until after the lunch recess so Ellis could confer with trial counsel.

The proceedings resumed and after further clarification from the court, Ellis agreed to accept the People's offer. Ellis was advised of and waived his constitutional rights, stated he understood the meaning of a no contest plea and its consequences in this case, and entered a plea of no contest to robbery. In accordance with the plea agreement, Ellis was sentenced to the upper state prison term of five years and the carjacking charge and enhancement allegations were dismissed.

On May 25, 2022, Ellis moved to withdraw his plea. After the hearing on the motion was continued, trial counsel declared a conflict of interest. The court appointed other trial counsel to represent Ellis on the motion. That attorney filed a new motion to withdraw Ellis's plea. The court heard and denied the motion on October 21, 2022. Ellis filed a timely notice of appeal from the postjudgment order.

## DISCUSSION

We appointed counsel to represent Ellis in this appeal. After reviewing the record, counsel filed a brief raising no issues. Appointed counsel advised Ellis on March 2, 2023, that he could personally submit any contentions or issues he wanted this court to consider. We have received no response.

We have examined the record and are satisfied Ellis's appellate counsel has complied with counsel's responsibilities and there are no arguable issues. (*Smith v. Robbins* (2000) 528 U.S. 259, 277–284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 118–119; *People v. Wende* (1979) 25 Cal.3d 436, 441–442.)

## DISPOSITION

The postjudgment order is affirmed.
NOT TO BE PUBLISHED.

_____

LUI, P. J.               CHAVEZ, J.               HOFFSTADT, J.

3